**FILED**
**Feb 08, 2024**
**09:26 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **JONATHAN WEBB,** | ) | **Docket No.: 2023-02-7158** |
| **Employee,** | ) | |
| **v.** | ) | |
| **GEM CARE, INC.,** | ) | **State File No.: 68594-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **QBE INSURANCE CORP.,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

The Court held an expedited hearing on February 1, 2024, to determine whether Mr. Webb is entitled to benefits. Resolution of this issue rests on credibility. For the reasons below, the Court denies the requested benefits.

## Claim History

Since 1997, Mr. Webb experienced off and on pain and swelling with his left leg. He acknowledged he settled two workers' compensation cases in 2023 involving his left leg. Mr. Webb also agreed he received left-knee treatment in March 2023 for swelling, and the physician recommended a return visit to an orthopedist to treat severe osteoarthritis.

As for the present claim, Gem Care employed Mr. Webb at Matsuo as a spring inspector.[1] He testified he injured his left knee at Matsuo on August 21, 2023, when he tripped on a four-inch-thick rubber mat at his workstation. No one witnessed the incident. He described feeling immediate burning pain and swelling in his left knee. He testified he continued to work his shift hoping the pain would improve.

---

[1] Mr. Webb first described his job title as spring inspector but later changed it to circuit board inspector in a different plant location than the spring inspector job.

1

Right before the shift ended, a Matsuo worker told Mr. Webb he needed to work an additional two hours moving material. Mr. Webb disagreed. He confirmed with his supervisor that he did not need to work the extra hours and left at his normal time.

On his way home from work, a recruiter for Gem Care, told Mr. Webb that Matsuo fired him.[2] He told the recruiter about his injury, and she instructed him to go to Gem Care to complete paperwork. The next day Mr. Webb met with Gem Care and selected an urgent care clinic from a panel.

Mr. Webb visited the clinic, and the physician gave restrictions of "sit down work only." The examination showed severe degenerative changes. When Mr. Webb later returned to the clinic, a physician assistant ordered an MRI to rule out a meniscus tear.

Mr. Webb requested the MRI recommended by his authorized physician and temporary disability benefits for the time he missed work.

For its part, Gem Care introduced photographs of a workstation floor mat. Kourtni Bybee, another Gem Care recruiter, testified that the photograph showed a spring inspector workstation. She described the mat as being one-half inch in height. Gem Care offered a photo of the mat confirming this.

Gem Care also introduced Mr. Webb's previous criminal conviction that involved matters of dishonesty and untruthfulness.[3] It asked the Court to deny Mr. Webb's claim.

**Findings of Fact and Conclusions of Law**

Mr. Webb must prove a likelihood of prevailing at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(d)(1) (2023); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Specifically, Mr. Webb must show he suffered an "injury" as defined by Tennessee Code Annotated section 50-6-102(12). Section 50-6-102(12) defines an injury as an "accident" that "arises primarily out of and in the course and scope of employment" that results in "disablement or the need for medical treatment of the employee." Further, he must show that his injury was caused by a specific incident identifiable by time and place. *Id.* at -102(12)(A).

Applying this standard, the Court holds Mr. Webb is not likely to prove a work-related injury. He described a specific incident. However, the lack of witnesses and his

---

[2] Mr. Webb testified he did not know Gem Care also terminated him.
[3] Mr. Webb acknowledged the conviction but stated he was a changed man because he needed to work.

failure to report the injury until after Matsuo terminated him call into question whether the incident occurred. Compounding the issue was Mr. Webb's statement that he tripped at a location other than where he originally testified. Further, Gem Care's photograph of the mat showed only a half-inch-thick pad and not a four-inch-thick pad.

Equally disconcerting are the longstanding problems involving Mr. Webb's left leg. Importantly, he received a referral to return to an orthopedist five months before his alleged injury.

Mr. Webb's credibility is tied to his claim that he injured his left leg when he tripped on a mat at work. Gem Care impeached his testimony. Considering the evidence, the Court does not find Mr. Webb credible. Therefore, Mr. Webb is not likely to prevail on the merits of establishing that he suffered an injury at work at this time.

**IT IS ORDERED AS FOLLOWS:**

1. The Court denies Mr. Webb's requested benefits.

2. The Court sets a status hearing on **April 11, 2024,** at **10:00 Eastern**. You must call **855-543-5044** to participate in the hearing.

**ENTERED February 8, 2024.**

**/s/ Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Hearing Request
4. Employer's Motion for Evidentiary Hearing
5. Order Denying Decision on the Record
6. Employer's Notice of Witness and Exhibit List

Exhibits:
1. Declaration of Mr. Webb

3

2. Physician Panel
3. Wage Statement
4. Notice of Denial
5. Separation Notice, emails, text message
6. Sworn Statement of Ms. Estep
7. Employer's Notice of Filing Medical Records
8. Drug Screen-Fastpace Health
9. Gem Care Incident Report
10. Employer's Request for Discovery from Employee
11. Workers' Compensation Settlement Agreements
12. Call Log
13. Photos

## CERTIFICATE OF SERVICE

I certify that a correct copy of this Order was sent on February 8, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| Jonathan Webb, Employee | X | | X | webbj1308@gmail.com<br>734 Bailey Road<br>Rutledge, TN 37861 |
| Allen Callison, Employer's Attorney | | | X | allen.callison@mgclaw.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                    Page **1** of **2**                    RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____

*[Signature of appellant or attorney for appellant]*